# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CIVIL NO. 5:08CV58-RLV-DSC

| | |
|---|---|
| LISA A. LINEBERRY, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Summary Judgment" and "Brief Supporting ... " (both document #7) filed November 19, 2008; and the Defendant's "Motion For Summary Judgment" (document #10) and "Memorandum in Support of the Commissioner's Decision" (document #11), both filed February 19, 2009. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

On April 26, 2004, the Plaintiff filed an application for a period of disability, Social Security disability benefits ("DIB"), and Supplemental Security Income ("SSI"), alleging she was unable to work as of April 20, 2004, due to problems with her heart, back and legs, the residual effects of

cancer, and fatigue. (Tr. 60-63, 77-78.) The Plaintiff's claim was denied initially and upon reconsideration.

The Plaintiff filed a timely Request for Hearing, and on August 22, 2006 a hearing was held before an Administrative Law Judge ("ALJ"). In a decision dated March 30, 2007, the ALJ denied the Plaintiff's claim, finding that the Plaintiff had not engaged in substantial gainful activity since her alleged onset date; that the Plaintiff suffered from degenerative disc disease of the cervical, thoracic, and lumbar spine, as well as major depression, fibromyalgia, obesity, personality disorder with strong passive-dependent characteristics, and post-traumatic stress disorder. The ALJ found that these were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ further found that the Plaintiff could not perform any of her past relevant work, but retained the Residual Functional Capacity ("RFC")[1] to perform light[2] work with a sit/stand option that required no more than occasional stooping, bending, and squatting, no more than frequent handling, and no concentrated exposure to environmental hazards. The ALJ found her able to carry out simple instructions and respond appropriately to supervisors, co-workers, and the general public. Finally, the ALJ concluded that based on the

---

[1] The Social Security Regulations define "residual functional capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2] "Light" work is defined in 20 C.F.R. § 404.1567(b) as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

testimony of a Vocational Expert ("VE"), the Plaintiff's RFC would allow her to perform other jobs existing in sufficient numbers in the national economy to support a finding that the Plaintiff was not disabled..

By notice dated April 16, 2008, the Appeals Council denied the Plaintiff's request for further administrative review.

The Plaintiff filed the present action on June 19, 2008. On appeal, the Plaintiff presents a single issue, that is, "[w]hether the ALJ committed prejudicial error by improperly disregarding the opinion of Plaintiff's treating psychiatrist, Dr. Robert Paisley." Plaintiff's "Brief Supporting ... " at 2 (document #7). The parties' cross-motions for summary judgment are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the

Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to re-weigh the evidence, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. This is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time the Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[3] Relevant to the issue raised on appeal is a one-paragraph "To Whom It May Concern" letter dated May 25, 2005, from Dr. Paisley, who practiced

---

[3] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

at New River Behavioral HealthCare. He wrote :

> Please note that [the Plaintiff] has been in treatment at this office since 12 October 2004. During this interval she has been unable to return to work – and continues to require treatment for her recurring major depressive disorder, symptoms of personality disorder and her musculoskeletal disorders. She remains in treatment for these three areas and the on-going of them will necessitate her being in treatment, and unable to work for some time.

(Tr. 412.)

At the outset, this Court notes that rather than stating that the Plaintiff was unable to perform the requirements of any gainful employment for a period of at least 12 months, Dr. Paisley's brief note states, at most, that the Plaintiff was then unable to return to her most recent employment for "some time." Moreover, assuming arguendo that Dr. Paisley's note did amount to a statement of a permanent disability, the Fourth Circuit has established that a treating physician's opinion need not be afforded controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). A treating physician's opinion on the nature and severity of the alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2) (2002); and Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d at 178, citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). [4]

---

[4] As the Commissioner points out in his brief, the legal standard relied upon by the Plaintiff is no longer valid. Indeed, the cases cited by the Plaintiff (P. Br. at 4-5), Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987), Foster v. Heckler, 780 F.2d 1125, 1130 (4th Cir. 1986), and Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983), which state that a treating physician's opinion may be disregarded only if there is persuasive, contradictory evidence, predate the Commissioner's promulgation, in 1991, of the regulations cited above. See 20 C.F.R. §§ 404.1527(d), 416.927(d); 56 Fed. Reg. 36932 (Aug. 1, 1991). As courts within the Fourth Circuit have recognized, these regulations superceded the circuit's "treating physician rule," as articulated in cases such as Coffman. See Ward v.

Applying the correct legal standard, the ALJ properly exercised her discretion in assigning Dr. Paisley's opinion little weight (Tr. 30) pursuant to 20 C.F.R. §§ 404.1527(d), 416.927(d). As the ALJ properly noted (Tr. 30), Dr. Paisley's opinion was not supported by any objective findings and, instead, appeared to have been based on Plaintiff's subjective report to him that she was unable to work (Tr. 412). The ALJ was entitled to discount Dr. Paisley's opinion for this reason. 20 C.F.R. §§ 404.1527(d)(2)-(3), 416.927(d)(2)-(3); Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005) (finding that an ALJ could give little weight to a treating source opinion when the treating source performed no objective tests and instead relied solely on the claimant's subjective complaints).

The ALJ was also entitled to discount Dr. Paisley's opinion because it was inconsistent with other substantial evidence of record. 20 C.F.R. §§ 404.1527(d)(2) and (4), 416.927(d)(2) and (4). Specifically, after the Plaintiff began treatment in October of 2004, her mental health symptoms improved (Tr. 378, 404). See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling"). On December 13, 2004, an Agency physician reviewed Plaintiff's medical records and concluded that she was capable of performing simple, routine, and repetitive tasks (Tr. 282). See Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984) (the opinion of a non-examining physician can be relied upon when it is consistent with the record).

On May 24, 2005, the day before Dr. Paisley rendered his opinion, Dr. Stephen McNeil, the Plaintiff's treating psychiatrist, stated that Plaintiff had suffered an increase in her symptoms (Tr.

---

Chater, 924 F. Supp. 53, 55-56 (W.D. Va. 1996) (finding that the Agency's newly promulgated regulations were not simply a restatement of the Fourth Circuit's "treating physician rule" and that the regulations superceded that rule); and Winford v. Chater, 917 F. Supp. 398, 400-401 (E.D. Va. 1996) (finding that the Magistrate Judge had applied the wrong legal standard when he relied upon the Fourth Circuit's "treating physician rule," as articulated in Coffman).

402). However, he noted that this was only because she had been non-compliant with her treatment and that her depression and anxiety symptoms had actually resolved with treatment (Tr. 402). The Plaintiff did not obtain mental health treatment from the time period of June through November of 2005 (Tr. 401, 403, 408-409). See Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994) ("an unexplained inconsistency between the claimant's characterization of the severity of her condition and the treatment she sought to alleviate that condition is highly probative of the claimant's credibility"). After Plaintiff resumed treatment in late 2005, her symptoms once again improved (Tr. 399-400).

On March 3, 2006, Dr. McNeil stated that the Plaintiff was doing fairly well overall and that her symptoms remained improved and stable (Tr. 398). Her affect was appropriate and her attention, concentration, and judgement were adequate (Tr. 398). Notes from May 25, 2006 indicate that the Plaintiff's mood had remained level, that she had no ongoing symptoms of depression, and that her anxiety remained improved (Tr. 372). Her affect was again appropriate and her attention, concentration, and judgement were adequate (Tr. 372). The Plaintiff had an increase in her symptoms in June of 2006, but this was associated with a change in her medication regime (Tr. 371).

On October 17, 2006, Dr. Harry Padgett conducted a psychological evaluation of Plaintiff (Tr. 512). The Plaintiff drove 24 miles, alone, to the appointment (Tr. 512). She was neatly groomed and cooperative (Tr. 512). She reported that her daily routine consisted of getting up around 6:15 a.m. and getting her children ready for school (Tr. 514). She then would lie down until 11:00 a.m. (Tr. 514). She kept the curtains drawn and the doors locked, except when she went out to work in the yard. (Tr. 514). When her children came home, she cooked dinner and helped them with their homework (Tr. 514). Afterwards, they had "family time," which consisted of activities

such as watching movies, playing games, and going outside (Tr. 514). She spoke to her mother everyday and visited her occasionally (Tr. 514). She was able to shop, drive, and do some household chores (Tr. 514). She tried to attend award ceremonies for her children (Tr. 514). See Gross, 785 F.2d at 1166 (pattern of claimant's daily activity, which included cooking, washing dishes, and generally taking care of the house, suggested that he was not disabled from working); and Rogers, 204 F. Supp. 2d at 894 (evidence of plaintiff's daily activities supported ALJ's negative credibility finding despite plaintiff's claim that such activities were performed at a slower pace and with assistance from others).

Testing by Dr. Padgett revealed the presence of a very high "F" score, which seemed to indicate that the Plaintiff was exaggerating her symptoms in order to receive help (Tr. 515). Dr. Padgett concluded that the Plaintiff was able to read and perform math tasks at a functional level, and that she was able to understand, retain, and follow instructions (Tr. 516). He also found that the Plaintiff should be able to sustain attention and concentration to perform simple, routine, repetitive tasks, unless she was "overwhelmed" by emotional problems (Tr. 516). Ultimately, Dr. Padgett found that the Plaintiff was a capable person (Tr. 522). He found that she was only slightly to moderately limited in all areas of mental functioning, with the exception of her ability to respond appropriately to work pressures in a usual work setting (Tr. 521-522). He found that she had a marked limitation in that area, meaning that she had a severe limitation, but that functioning in that area was not precluded (Tr. 521-522).

Evidence submitted to the Appeals Council, see Wilkins v. Secretary of Health and Human

Servs., 953 F.2d 93, 96 (4th Cir. 1991)[5], indicates that the Plaintiff's mental health continued to improve with treatment. Notes from August through October of 2006, reveal that Plaintiff's mood remained improved and even (Tr. 548-550), with the exception of a brief time in October of 2006, when she discontinued her medication (Tr. 546). Subsequent notes demonstrate that Plaintiff did not feel anxious or depressed and that she continued to do well overall (Tr. 541-545).

Based on the above, the ALJ properly exercised her discretion in assigning Dr. Paisley's opinion little weight (Tr. 30). As discussed, and as found by the ALJ (Tr. 28-29), the evidence showed that the Plaintiff's symptoms improved with treatment (Tr. 372, 378, 398-400, 402, 404, 541-545, 548-550). See Gross, 785 F.2d at 1166. When compliant with treatment, she was repeatedly found to have adequate attention and concentration skills, as well as adequate judgment (Tr. 372, 398). She was also able to engage in a wide range of daily activities (Tr. 514), as was also found by the ALJ (Tr. 29). See Gross, 785 F.2d at 1166; and Rogers, 204 F. Supp. 2d at 894. This evidence, combined with evidence indicating that the Plaintiff was exaggerating her symptoms (Tr. 515), as well as the opinion of the Agency physician (Tr. 282), see Gordon, 725 F.2d at 235, provides substantial support for the ALJ's determination to afford Dr. Paisley's opinion little weight.

Although the medical records establish that the Plaintiff experienced pain as well as mental and emotional difficulties to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57. Moreover, the facts noted by the ALJ clearly support the ultimate conclusion that Plaintiff suffered from, but was not disabled from working, by her combination of impairments.

---

[5] When the Appeals Council incorporates evidence into the administrative record, a reviewing court must consider that evidence along with the evidence that was presented to the ALJ, in determining whether the ALJ's decision was supported by substantial evidence.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles, 29 F.3d at 923, citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the medical records and ultimate determination that the Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #7) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #10) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins,

766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties  <u>and to the Honorable Richard L. Voorhees.</u>

**SO RECOMMENDED AND ORDERED**.

Signed: April 7, 2009

David S. Cayer
United States Magistrate Judge